IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AURORA LOAN SERVICES, L.L.C., et al.,

    Plaintiff,

    vs.                              **No. 1:14-CV-575 MCA/KK**

**MELANIE MILASINOVICH, et al.,**

    Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *pro se* Defendant Melanie Milasinovich's *Motion for Peremptory Challenge to Excuse* [Doc. 17]. Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will deny Ms. Milasinovich's motion.

## I.  BACKGROUND

On December 14, 2009, Plaintiff Aurora Loan Services, L.L.C., filed a *Complaint for Foreclosure* against Ms. Milasinovich, Susan E. Jacques, Lehman Brothers Bank, FSB, ABC Corporations I-X, XYZ Partnerships I-X, John Does I-X, Jane Does I-X, and the unknown heirs and devisees of any of the above, if deceased, in the First Judicial District of the State of New Mexico. [Doc. 1-1] See Aurora Loan Services, L.L.C. v. Milasinovich, et al., D-101-CV-200904076 (available at https://caselookup.nmcourts.gov/caselookup/app). As described by the state court, the procedural posture of this case "is far from simple":

> Judgment was entered, a foreclosure sale was ordered and
> had, a hearing on a writ of assistance to secure the premises
> was had, and the writ was issued.  Before the writ could be
> served Defendant filed for bankruptcy (for the second time
> during the life of this case) and the proceedings were stayed.
> In so far as this Court is aware, the bankruptcy proceedings
> are still pending, although an order lifting the stay was
> granted.

[Doc. 1-2 at 5]  On April 30, 2014, the state court granted Ms. Milasinovich's Motion for

Relief from Judgment on the grounds that the judgment was void under Bank of New

York v. Romero, 2014-NMSC-007, 30 P.3d 1.  [Doc. 1-2]  Therefore, the judgment of

foreclosure was vacated, the Order Approving Sale was rescinded, and the case was

reinstated on the active docket of the state court to determine whether or not Plaintiff

Federal National Mortgage Association, formerly known as Aurora Loan Services,

L.L.C. (hereinafter referred to as Plaintiff), had standing to enforce the note and

mortgage.  [Doc. 1-2 at 3]

On May 31, 2014, Plaintiff filed a Motion for Reconsideration in state court.  See

Aurora Loan Services, L.L.C. v. Milasinovich, et al., supra.  While the Motion for

Reconsideration was pending, Ms. Milasinovich removed the case to this Court on the

basis of federal question and diversity jurisdiction.  [Docs. 1 and 2]

On July 25, 2014, Ms. Milasinovich filed the present *Motion for Peremptory

Challenge to Excuse* [Doc. 17].  In her motion, Ms. Milasinovich contends that the

undersigned Judge is prejudiced against her because of a tendency to favor banks in

property or foreclosure actions removed from state court "and a typical course of action is

to remand."  [Doc. 17 at 2]  Ms. Milasinovich also filed a *Declaration in Support of*

*Motion for Peremptory Challenge.* [Doc. 18]  In her sworn *Declaration*, Ms.

Milasinovich avers the following:

> 1.      Counter-Plaintiff has reviewed the Court record and found the Honorable M. Christina Armijo primarily presides over cases that do not include foreclosure or property.
>
> 2.      Let the record show that after a due and diligent search, Honorable M. Christina Armijo tends to remand in favor for banks whether or not the bank is Plaintiff or Defendant.
>
> 3.      Counter-Plaintiff provides grounds that any reasonable person may conclude that Counter-Plaintiff cannot have a fair and impartial trial or hearing before this Judge.
>
> 4.      The Honorable Judge M. Christina Armijo to whom case no. 1:14-cv-0575-MCA-SCY and variations for said cause numbers of the above entitled matter is prejudiced against the Counter-Plaintiff.
>
> 5.      Due to the nature of her office, Judge M. Christina Armijo may have a conflict of interest with banking persons affiliated with the instant case.

[Doc. 18 at 1-2]

On November 6, 2014, Plaintiff filed a *Second Notice Declaration in Support of*

*Motion for Peremptory Challenge.* [Doc. 95]  Plaintiff's second sworn *Declaration* is

largely duplicative of her first *Declaration*, with the addition of the following averment:

> 6.      Requesting Judges M. Christina Armijo excuse herself due in part and parcel as reason can assume with common knowledge and described as the pension-fund paid to them by the federal-banking-departments includes Fannie-Aurora and as "meeting of the mind" may conclude and with reasonableness by investigation into the subject-matter-premises, for the judges to excuse themselves because inference is made as prima facie evidence the judges are prejudiced against the NAME-NUMBER:  MILASINOVICH et al., and as the **liveing** [sic] will may occupy the captions quarters calling all hands on deck to fix-repair-salvage what is

> left of the minors link accounts and for the panel with
> instructions to make sure things do not get out of hand.

[Doc. 95 at 2]  Additionally, in a section entitled "History-Index" Ms. Milasinovich

alleges, in relevant part, that "the federal court has either by inadvertence, neglect,

mistake or error confined litigant to a rule 28:1441 Judge M. Christina Armijo typically

uses to remand a case to State Court" and that "Office of Judge M. Christina Armijo in

town with tip-master (unknown) has a pattern of remanding pro se litigant's cases to state

court."  [Doc. 95 at 3-4]

On November 25, 2014, Ms. Milasinovich filed a *Petition for Writ of Mandamus

to Recuse Honorable Judge M. Christina Armijo* in the Tenth Circuit Court of Appeals.

[Doc. 114-1]  The Circuit Court dismissed her petition as not ripe for review, because

"the district court . . . has not ruled on Ms. Milasinovich's 'Motion for Peremptory

Challenge to Excuse' (Dist. Ct. Doc. 17)," which the Circuit "interpret[ed] as her motion

to recuse."  [Doc. 127]

## II.   DISCUSSION

As a preliminary matter, the Court notes that Ms. Milasinovich is representing

herself *pro se*.  "A pro se litigant's pleadings are to be construed liberally and held to a

less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).  Thus, "if the court can reasonably read the pleadings

to state a valid claim on which plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

Id.  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.  "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Id.

With these principles in mind, the Court turns to the merits of Ms. Milasinovich's *Motion for Peremptory Challenge to Excuse* [Doc. 17], which the Court construes as a motion for recusal of the undersigned Judge.  There are two federal statutes that govern the disqualification of a United States District Judge based on the grounds of bias or prejudice: (1) 28 U.S.C. § 144 and (2) 28 U.S.C. § 455.  Under both statutory schemes "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).  "A judge should not recuse himself on unsupported, irrationally, or highly tenuous speculation."  Id.  Indeed, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."  Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

Additionally, it is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality."  Liteky v. United States, 510 U.S. 540, 555 (1994).

> In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not recusal.

Id.; see also United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006) ("A judge should not be disqualified for faithfully performing the duties of his office. Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge.").

A.      28 U.S.C. § 144

Title 28 of the United States Code, § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Although the Court must "accept the truth of the facts alleged in the affidavit under § 144," the affidavit is to be construed "strictly against the party seeking recusal." Glass v. Pfeffer, 849 F.2d 1261, 1267 (10th Cir. 1988). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." Hinman, 831 F.2d at 939. "The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial." Id. "[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." Id.

The Court concludes that Ms. Milasinovich's affidavit fails to allege with the

required particularity any "identifying facts of time, place, persons, occasion, and circumstances," Hinman, 831 F.2d at 939, indicating that the undersigned Judge is biased or prejudiced against her or any other pro se litigant in a foreclosure proceeding.  Ms. Milasinovich's conclusory affidavit, which is based on conclusions, rumors, beliefs, and opinions, is insufficient to form the basis for disqualification under § 144.  See Glass, 849 F.2d at 1267-68 (holding that "the district court did not err in ruling against Phelps–Chartered under § 144; the Phelps–Chartered affidavit lacked particularity, and was filled with conclusions, rumors and innuendo"); Burleson v. Sprint PCS Group, 123 Fed.Appx. 957, 960 (10th Cir. 2005) (affirming the district judge's denial of a motion to recuse because "adverse rulings cannot alone provide grounds for disqualification," the plaintiff had failed to show "that the district court's rulings were unreasonable or incorrect, let alone that they demonstrated bias" and the plaintiff's "charges of collusion and outside pressure 'lacked particularity' and were based on 'conclusions, rumors and innuendo.'") (unpublished opinion); United States v. Aston, No. 97-4039, 1997 WL 755136,  *2 (10th Cir. Dec. 4, 1997) ("Defendant's affidavit contained only a conclusory assertion that he cannot receive justice in Utah, and, therefore, his petition seeking the recusal of the district court judge is insufficient as a matter of law. Thus we hold the district court did not abuse its discretion in denying the motion.") (unpublished opinion).

*B.*     *28 U.S.C. § 455*

Title 28 of the United States Code, § 455(a) provides, in relevant part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "The effective

scope of section 455 is broader than that of section 144, in part because it contains no express procedural hurdles." Franks v. Nimmo, 796 F.2d 1230, 1234 (10th Cir. 1986). "Under this section, factual allegations need not be taken as true, and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Glass, 849 F.2d at 1268 (internal quotation marks and citation omitted). "[W]hat matters is not the reality of bias or prejudice but its appearance." Liteky, 510 U.S. at 548.  Thus, "[t]he scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." In re McCarthey, 368 F.3d 1266, 1269-70 (10th Cir. 2004) (internal quotation marks and citations omitted).

Our Circuit has cautioned that "[t]he statute must not be so broadly construed that it comes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Nichols, 71 F.3d at 351 (internal quotation marks and citations omitted).  "Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device." Id.  As previously explained, "a judge has a strong duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Id.

As a starting point, the following is a nonexhuastive list of various matters that are ordinarily insufficient to require recusal under § 455(a):

> (1) Rumor, speculation, beliefs, conclusions, innuendo,
> suspicion, opinion, and similar non-factual matters; (2) the
> mere fact that a judge has previously expressed an opinion on

a point of law or has expressed a dedication to upholding the
law or a determination to impose severe punishment within
the limits of the law upon those found guilty of a particular
offense; (3) prior rulings in the proceeding, or another
proceeding, solely because they were adverse; (4) mere
familiarity with the defendant(s), or the type of charge, or
kind of defense presented; (5) baseless personal attacks on or
suits against the judge by a party; (6) reporters' personal
opinions or characterizations appearing in the media, media
notoriety, and reports in the media purporting to be factual,
such as quotes attributed to the judge or others, but which are
in fact false or materially inaccurate or misleading; and (7)
threats or other attempts to intimidate the judge.

Id.

In the present case, Ms. Milasonivich contends that the undersigned Judge is
biased or prejudiced against her due to a tendency "to remand in favor of banks." [Doc.
18] However, prior adverse rulings in the present "proceeding, or *another proceeding*,"
are insufficient to warrant recusal under § 455. Id. (emphasis added). See also United
States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006) ("A judge should not be
disqualified for faithfully performing the duties of his office. Unfavorable judicial rulings
do not in themselves call into question the impartiality of a judge."). Likewise, "[r]umor,
speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual
matters" are insufficient to warrant recusal under § 455.

Alternatively, Ms. Milasinovich appears to argue that the undersigned Judge is
biased or prejudiced against her because, as a federal judicial employee, the undersigned
Judge is eligible to receive a federal pension. It is unclear how the availability of a
pension under the Federal Employee Retirement System would lead a reasonable person
to question the undersigned Judge's impartiality in the present case. In Booth v. Internal

Revenue Service, No. 94-2115, 1994 Wl 56347, *2  (10th Cir. Oct. 14, 1994)
(unpublished opinion), our Circuit considered whether recusal was required under § 455
because the presiding judge was a United States taxpayer.  The Court determined that the
"judge's mere status as a taxpayer" did not implicate § 455, because "'no reasonable
person' would question judicial impartiality merely because the United States
government paid the judge's salary from tax revenues."  Id. (quoting United States v.
Zuger, 602 F.Supp. 889, 892 (D. Conn. 1984).  Indeed, the Court noted that "recusal on
such basis would 'mean that no federal judge could preside over the trial.'"  Id. (quoting
Zuger, 602 F. Supp. At 892).  Likewise, in the present case, no reasonable person would
question the undersigned Judge's impartiality because of the undersigned Judge's
eligibility to receive a federal pension and recusal would mean that no federal judge
could preside over the trial.  Therefore, eligibility to receive a federal pension is outside
the scope of § 455 under the circumstances of the present case.

Finally, this Court has no personal knowledge of the Defendant, is not acquainted
with her personally and has always decided the legal issues in this and every case based
upon the law and the facts as they appear in the record.

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Ms. Milasinovich's *Motion for Peremptory*
*Challenge to Excuse* [Doc. 17] is **DENIED**.

**SO ORDERED** this 9th day of January, 2015, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
Chief United States District Judge