IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AURORA LOAN SERVICES, L.L.C., et al.,

    Plaintiff,

    vs.                                                                    No. 1:14-CV-575 MCA/KK

MELANIE MILASINOVICH, et al.,

    Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Federal National Mortgage Association's, successor in interest to Aurora Loan Services, LLC (Plaintiff), *Notice of and Motion for Remand* [Doc. 16] and *pro se* Defendant Melanie Milasinovich's *Motion to Strike Notice of and Motion for Remand and Action for Abatement Verified and Judicial Notice* [Doc. 20] and *Notice of and Motion to Strike Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Motion for Remand and Reply to Defendant's Opposition to Plaintiff's Motion for Remand, Motion to Strike Defendant's Purported Action for Abatement and Judicial Notice, and Memorandum of Objection*. [Doc. 34] Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will grant Plaintiff's motion and deny Ms. Milasinovich's motions.

**I.**     **BACKGROUND**

On December 14, 2009, Plaintiff Aurora Loan Services, L.L.C., filed a *Complaint*

*for Foreclosure* against Ms. Milasinovich, Susan E. Jacques, Lehman Brothers Bank, FSB, ABC Corporations I-X, XYZ Partnerships I-X, John Does I-X, Jane Does I-X, and the unknown heirs and devisees of any of the above, if deceased, in the First Judicial District of the State of New Mexico. [Doc. 1-1] See Aurora Loan Services, L.L.C. v. Milasinovich, et al., D-101-CV-200904076 (available at https://caselookup.nmcourts.gov/caselookup/app). As described by the state court, the procedural posture of this case "is far from simple":

> Judgment was entered, a foreclosure sale was ordered and had, a hearing on a writ of assistance to secure the premises was had, and the writ was issued. Before the writ could be served Defendant filed for bankruptcy (for the second time during the life of this case) and the proceedings were stayed. In so far as this Court is aware, the bankruptcy proceedings are still pending, although an order lifting the stay was granted.

[Doc. 1-2 at 5] On April 30, 2014, the state court granted Ms. Milasinovich's Motion for Relief from Judgment on the grounds that the judgment was void under Bank of New York v. Romero, 2014-NMSC-007, 30 P.3d 1. [Doc. 1-2] Therefore, the judgment of foreclosure was vacated, the Order Approving Sale was rescinded, and the case was reinstated on the active docket of the state court to determine whether Plaintiff had standing to enforce the note and mortgage. [Doc. 1-2 at 3]

On May 31, 2014, Plaintiff filed a Motion for Reconsideration in state court. See Aurora Loan Services, L.L.C. v. Milasinovich, et al., supra. While the Motion for Reconsideration was pending, Ms. Milasinovich removed the case to this Court on the basis of federal question and diversity jurisdiction. [Docs. 1 and 2]

2

On July 25, 2014, Ms. Milasinovich filed a *Motion for Peremptory Challenge to Excuse* [Doc. 17], alleging that the undersigned Judge is prejudiced against her because of a tendency to favor banks in property and foreclosure actions removed from state court. Before the Court had an opportunity to rule on Ms. Milasinovich's motion, she filed a *Petition for Writ of Mandamus* in the Tenth Circuit Court of Appeals. [Doc. 114-1] The Circuit Court promptly dismissed Ms. Milasinovich's petition as not ripe for review. [Doc. 127] Thereafter, on January 8, 2015, this Court denied Ms. Milasinovich's *Motion for Peremptory Challenge to Excuse* [Doc. 140] and on January 23, 2015, Ms. Milasinovich filed an *Amended Writ of Mandamus* in the Circuit Court of Appeals. [Docs. 144 and 147] On February 17, 2015, the Court of Appeals denied Ms. Milasinovich's *Amended Writ of Mandamus* because "[n]o reasonable person, faced with Ms. Milasinovich's motion, would harbor doubts about the district judge's impartiality." [Doc. 153 at 2]

On July 21, 2014, Plaintiff filed the present *Notice of and Motion for Remand*. [Doc. 16] Plaintiff contends that the present case should be remanded back to state court because: (1) the "case may not be removed," since Ms. Milasinovich filed her notice of removal "more than 1 year after commencement of the action," pursuant to 28 U.S.C. § 1446(c); (2) Ms. Milasinovich failed to provide "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," in violation of 28 U.S.C. § 1446(a); (3) Ms. Milasinovich failed to obtain consent for removal from "all defendants who have been properly joined and served," contrary to 28 U.S.C. § 1446(2)(a); and (4) the claims in the Complaint do not "aris[e] under" federal law, <u>see</u> 28

3

U.S.C. § 1331, and, therefore, there is no basis for federal question jurisdiction. Plaintiff requests the payment of "just costs and . . . actual expenses, including attorney fees, incurred as a result of removal," pursuant to 28 U.S.C. § 1447(c).

Ms. Milasinovich moves to strike Plaintiff's motion for remand. [Doc. 20] Alternatively, Ms. Milasinovich contends that Plaintiff's motion for remand should be denied, because: (1) the case became removable after the filing of the April 30, 2014 order vacating the underlying judgment, Plaintiff's May 31, 2014 Motion for Reconsideration, and Ms. Milasinovich's June 6, 2014 Notice of Default; (2) she "provided a record proper within or before the twenty one day time line as confirmed by the Clerk upon filing for the record all documents and papers related to the case" [Doc. 21 at 8]; (3) she "noticed all parties now enjoined allowing more than thirty days for their response and no response was received . . . thereby invoking tacit procuration as noticed and accepted" [Doc. 21 at 8]; and (4) federal question jurisdiction exists because "[t]he entire proceeding is based on federal government created paperwork" and Plaintiff is a federal entity. [Doc. 21 at 5] Included within Plaintiff's response are affirmative claims for relief, including, but not limited to, a request for default judgment, estoppel, and declaratory judgment. [Doc. 21 at 10-16]

Plaintiff replies that Ms. Milasinovich's motion to strike "is inappropriate and unsupported and should be denied." [Doc. 28 at 5] Plaintiff contends that its "Motion for Remand should be granted for several reasons, namely that Defendants did not timely satisfy the rule of unanimity nor timely file a Notice of Removal." [Doc. 28 at 4] Lastly, Plaintiff moves to strike Plaintiff's affirmative claims for relief, contending that "those

4

claims are legally invalid and estopped via res judicata." [Doc. 28 at 5]

Ms. Milasinovich moves to strike Plaintiff's reply and motion to strike, contending that it is "complete hearsay," it improperly relies on documents "existing in a separate forum and separate jurisdiction and venue," and "infers inflammatory remarks creating a presumption as prima facie grounds for libel, slander of title, civil rights violations including but not limited to: Federal Civil Rights Act of 1871." [Doc. 34 at 3]

On August 13, 2014, Ms. Milasinovich filed a *Motion for Declaratory Judgment Verified*, followed by an *Amended Motion for Declaratory Judgment Verified* on August 20, 2014. [Docs. 26 and 29] Ms. Milasinovich asks the Court to strike Plaintiff's "Motions to Remand or make them null and void" and declare judgment against non-responding parties. [Doc. 29 at 3] Additionally, on September 16, 2014, Ms. Milasinovich filed *an Amended Complaint for Article III Injury in Fact For Lack of Standing, False Claims, Negative Averment, Negligence, Damages and Claims to the Minor Account 31 CFR 363.27(f)(1-4)*, which raises the following claims: (1) Count 1 Article III Due Process Violations; (2) Count II Title 42: 1396 Tort and Negligence; (3) Count III Title 42: 1981 Civil Rights; (4) Count IV Title 42: 1982 property rights; (5) Count V Title 42: 1983 Civil Rights Act; (6) Count VI Title 42: 1983 Civil Rights Act; (7) Count VII Title 42: 1985 Conspiracy and Deprivation of Civil Rights; (8) Count VIII Title 42: 1985 Conspiracy and Deprivation of Civil Rights; (9) Count IX Title 42: 1986 Neglect of Duty; (10) Count X Title 28: 1330 Breach of Contract; (11) Count XI Title 28: 1331 Personal Injury; (12) Count XII Title 28: 1331 Civil Rights; (13) Count XIII Title 28: 1332 Diversity Insurance Contract; (14) Count XIV Title 28: 1332 Diversity—Libel,

5

Assault, Slandor [sic]; (15) Count XV Title 18: USC 242 Deprivation of Rights Under Color of Law; (16) Count XVI Title 18: USC Obstruction; (17) Count XVII Universal Commercial Code; and (18) Count XVIII Title 28: 2680; (19) Count XIX Title 31 CFR 363.27 Minor Account. [Doc. 36]

## II. STANDARDS

Ms. Milasinovich is representing herself *pro se* and the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. However, it is not the "the proper function of the district court to assume the role of advocate for the pro se litigant." Id. "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

### A. *Motions to Strike*

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant immaterial, impertinent, or scandalous matter." Motions to strike, however, are not favored and district courts generally should deny them unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. See Lane v. Page, 272 F.R.D. 581, 587 (D.N.M.

2011) (citations omitted); Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, , 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010) (explaining that striking a pleading or part of a pleading is a "'drastic remedy and [that] because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored'") (quoting Burget v. Cap. W. Sec. Inc., No. 09-CV-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)). The decision to grant a motion to strike is within the discretion of the court. See Burget, 2009 WL 4807619, at *1 (citation omitted).

"Moreover, '[o]nly material included in a 'pleading' may be subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections or affidavits may not be attacked by the motion to strike.'" Jaramillo v. Astrue, No. 11-CV-0906 JB/ACT, 2013 WL 5934347, at *2 (D.N.M. Sept. 30, 2013) (quoting Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563 WYD/KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)). "'The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a cross claim; and 'if the court orders one, a reply to an answer.'" Id. (quoting Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009)).

*B.     Motion for Remand*

"Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal." Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted). "The party invoking federal jurisdiction has the burden to

7

establish that it is proper, and 'there is a presumption against its existence.'" Salzer v. SSM Health Care of Oklahoma Inc., 762 F.3d 1130, 1134 (10th Cir. 2014) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)).

An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part, that:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint." Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005) (internal quotation marks and citation omitted).

The procedure for removal is set forth in 28 U.S.C. § 1446, which provides, in relevant part, as follows:

> **(a) Generally.**—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

> otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(a)-(b)(2)(A).

If the case is not initially removable, then "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Nonetheless, a "case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

## III. DISCUSSION

### A. *Ms. Milasinovich's Motions to Strike*

Ms. Milasinovich moves to strike Plaintiff's motion for remand [Doc. 16] and Plaintiff's reply in support of its motion for remand and motion to strike [Doc. 28]. [See Docs. 20 and 34] However, Plaintiff's motion for remand and Plaintiff's reply in support of its motion for remand and motion to strike are not "pleadings" as defined by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 7(a) (defining the term "pleadings"). Additionally, the Court has reviewed these documents and nothing therein

can be characterized as "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" as defined by Fed. R. Civ. P. 12(f). Accordingly, Ms. Milasinovich's motions to strike will be denied.

## B.     Motion for Remand

As a preliminary matter, the Court considers Ms. Milasinovich's argument that that Plaintiff's *Notice of and Motion for Remand* [Doc. 16] should be denied summarily because Plaintiff failed to seek concurrence from Ms. Milasinovich in violation of the Local Civil Rules of the United States District Court for the District of New Mexico. See D.N.M.LR-Civ. 7.1 ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). Ms. Milasinovich is correct that Plaintiff's counsel failed to comply with Local Rule 7.1(a) by omitting a recitation of a good-faith request for concurrence. Nonetheless, the Court will exercise its discretion to consider the merits of Plaintiff's motion, since it includes a challenge to this Court's subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### 1.     *Federal Question Jurisdiction*

The Court first addresses Plaintiff's claim that federal question jurisdiction is lacking because Plaintiff's well-pleaded complaint does not raise any claims arising under federal law.

> Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear

> on the face of the plaintiff's complaint; that the defendant
> possesses a federal defense is not sufficient to invoke federal
> question jurisdiction. . . . Generally, the plaintiff is the master
> of his complaint, and if he files in a state court pleading only
> state-law causes of action, the case is not removable to federal
> court based on federal question jurisdiction.

Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1220 (10th Cir. 2011).

Plaintiff's *Complaint For Foreclosure* [Doc. 1-1] does not raise any claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Ms. Milasinovich has attempted to raise a variety of federal claims and defenses in *Certain Defendant's-Counter-Plaintiff's Memorandum Supporting Motion to Strike and in Opposition to Plaintiff's Notice of and Motion for Remand and Action for Abatement Verified and Judicial Notice* [Doc. 21], *Amended Motion for Declaratory Judgment* [Doc. 29], and *Amended Complaint for Article III Injury in Fact For Lack of Standing, False Claims, Negative Averment, Negligence, Damages and Claims to the Minor Account 31 CFR 363.27(f)(1-4)* [Doc. 36][1], these claims and defenses are insufficient to invoke federal question jurisdiction. See Topeka Hous. Auth., 404 F.3d at 1247 (noting that "a case may not be removed to federal court solely because of a defense or counter-claim arising under federal law").

Although the issue was not raised or briefed by the parties, the Court recognizes that some jurisdictions have held that Plaintiff's federal charter confers federal question jurisdiction over claims brought by or against Plaintiff. See Lightfoot v. Cendant

---

[1] The Court recognizes that Ms. Milasinovich's *Amended Complaint for Article III Injury in Fact For Lack of Standing, False Claims, Negative Averment, Negligence, Damages and Claims to the Minor Account 31 CFR 363.27(f)(1-4)* [Doc. 36] is subject to several pending motions to dismiss. [See Docs. 44, 61, 74, and 97] The Court does not address the issue of whether Ms. Milasinovich's *Amended Complaint* was properly filed or whether it states a valid claim for relief.

Mortgage Corp., 769 F.3d 681, 682 (9th Cir. 2014) (holding that the sue-and-be-sued clause in Plaintiff's federal charter "confers federal question jurisdiction over claims brought by or against" Plaintiff); Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Fed. Nat'l Mortgage Assoc., 534 F.3d 779, 788 (D.C. Cir. 2008) (holding that the sue-and-be-sued clause in Plaintiff's federal charter "confers federal subject-matter jurisdiction"); but see Rincon Del Sol, LLC v. Lloyd's of London, 709 F.Supp.2d 517, 525 (S.D.Tex. 2010) (holding that Plaintiff's "charter does not work to confer original subject matter jurisdiction upon the Court"). The courts of the Tenth Circuit have not yet had an opportunity to address this issue. This Court need not resolve the question of whether Plaintiff's federal charter confers federal question jurisdiction because, even if it does, Plaintiff's notice of removal was nonetheless untimely.

Pursuant to 28 U.S.C. § 1446(b), an action must be removed within thirty days after the defendant receives notice that federal jurisdictional requirements are satisfied. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68–69 (1996) ("In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information."). "[T]he removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.' " Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir.1979)). "'If the statute is going to run, the notice ought to be

unequivocal. It should not be one which may have a double design.'" Id. (quoting DeBry, 601 F.2d at 489). "'The failure to comply with these express statutory requirements for removal can fairly be said to render the removal "defective" and justify a remand.'" Id. at 1077 (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir.1999)).

Although the initial *Complaint for Foreclosure* [Doc. 1-1] was filed by Aurora Loan Services, Inc., the record proper lodged with the Court reflects that Plaintiff Federal National Mortgage Association overtook the litigation on behalf of Aurora Loan Services, Inc. as early as May of 2013. Indeed, Ms. Milasinovich was unequivocally aware of Plaintiff's appearance in the case by May 17, 2013, the date on which she filed an *Affidavit of Notary Presentment* and *For the Record Notice Under 18 U.S.C. § 4/ Attempted Fraud on the Court, Notice to Cancel Hearing and/or Writ(s) Affidavit of Truth/Statement of the Facts*, objecting to Plaintiff's participation because it was "NOT the Plaintiff of record in case no. D-101-CV-2009-04076."[2] Because Ms. Milasinovich failed to file her notice of removal within thirty days after she received notice of Plaintiff's appearance in the case, the Court concludes that the removal procedure was defective.

2. *Diversity Jurisdiction*

Turning to the question of diversity jurisdiction, the Court notes that "[a] federal court's jurisdiction must clearly appear from the face of a complaint or removal petition .

---

[2] On May 21, 2013, the state court entered an *Order Finding Defendant's Affidavit of Notary Presentment to be Without Legal Efficacy*. [Record Proper]

13

. . ." Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972). Ms. Milasinovich's removal petition fails to contain any factual allegations regarding the citizenship of the parties. [See Doc. 1] Although the *Complaint for Foreclosure* [Doc. 1-1] alleges that "AURORA is a foreign corporation" and that Ms. Milansinvoich and Ms. Jacques "reside in Santa Fe, New Mexico," it is well established that "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." Id.

The Court recognizes that Ms. Milasinovich has supplemented her notice of removal with the following factual allegations:

> AURORA is a foreign corporation with a foreign domicile located in Co. Diversity exists at the time of removal because FEDERAL NATIONAL MORTGAGE ASSOCIATION is a federal bank domiciled in the District of Columbia as a non U.S. Citizen; LEHMAN BROS BANK FSB is a non U.S. Citizen with a foreign domicile in DE; NATIONSTAR is a non U.S. Citizen operating as a non U.S. Citizen with a foreign domicile in TX; Triad Guaranty is a non U.S. Citizen with a domicile in NC; Counter-Plaintiff is identified as a federal address with a foreign domicile. All parties are diverse.

[Doc. 21 at 13] Although these allegations may be sufficient with respect to Aurora Loan Services, Plaintiff, and Lehman Brothers, Bank FSB, who were parties to the action at the time of removal, they are insufficient with respect to Ms. Milasinovich and Ms. Jacques because they fail to allege the state in which Ms. Milasinovich has her "foreign domicile" and fail to mention the domicile of Ms. Jacques altogether. See Johnston v. Cordell Nat. Bank, 421 F.2d 1310, 1312 n.1 (10th Cir. 1970) ("For purposes of jurisdiction of Federal District Courts on the grounds of diversity of citizenship, the terms 'domicile' and 'citizenship' are synonymous."). Accordingly, the Court cannot conclude that diversity

14

jurisdiction exists.[3]

Even if the citizenship of the parties was properly alleged, and the Court could find that the parties were completely diverse, Ms. Milasinovich was nonetheless required to file her notice of removal within thirty days after receipt of the initial complaint or the service of summons. See 28 U.S.C. § 1446(a). This she did not do.

Ms. Milasinovich contends, however, that the case did not become removable until after the filing of "an amended pleading, motion, order or other paper" under 28 U.S.C.§ 1446(b)(3). Specifically, Ms. Milasinovich points to the state court's April 30, 2014 order vacating the underlying judgment, Plaintiff's May 31, 2014 Motion for Reconsideration, and Ms. Milasinovich's June 6, 2014 Notice of Default. [Doc. 21 at 8] It is not clear what, if anything, in these filings first alerted Ms. Milasinovich that the case had become removable. Regardless, the Court concludes that removal was improper under 28 U.S.C. § 1446(c)(1), because Ms. Milasinovich's notice of removal was filed more than "1 year after commencement of the action." § 1446(c)(1). The record reflects that the present case was commenced in state court on December 14, 2009, [Doc. 1-1] see Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); see also Rule 1-003 NMRA ("A civil action is commenced by filing a complaint with the court."), but that Ms. Milasinovich did not file her notice of removal until June 23, 2014,

---

[3]To the extent that information regarding the "residence" of Ms. Milasinovich and Ms. Jacques indicates that they are citizens of the state of New Mexico, the Court notes that, pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in the interest properly joined and served as defendants is a citizen of the State in which such action is brought."

more than four years later. [Doc. 1] There is no allegation, much less any evidence, to indicate that Plaintiff acted in bad faith in order to prevent removal. Accordingly, the Court finds that Ms. Milasinovich's notice of removal was not timely filed.

### 3. *Attorneys' Fees*

Plaintiff requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides, in relevant part, as follows: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

> "[T]he standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id.

Porter Trust v. Rural Water Sewer and Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010). The fact that Ms. Milasinovich "is a pro se litigant does not prevent the court from imposing sanctions." Topeka Hous. Auth., 404 F.3d at 1248.

For the reasons explained above, Ms. Milasinovich may have had an objectively reasonable basis to believe that federal subject matter jurisdiction exists, but her notice of removal was patently untimely because it was filed more than four years after the commencement of litigation and more than one year after the appearance of Plaintiff as a party. Accordingly, the Court concludes that Ms. Milasinovich lacked an objectively reasonable basis for removal. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124,

16

128 (1995) (holding that "untimely removal is precisely the type of removal defect contemplated by § 1447(c)"); Garrett v. Trenchless Infrastructure Technologies, No. 10-CV-71 BB/ACT, Doc. No. 42 at 6 (D.N.M. August 11, 2010) ("Where, as here, a litigant's decision to remove comes years late and appears to have been spurred by a desire to avoid an adverse state-court ruling, no objectively reasonable grounds for removal exists. Accordingly, in such cases, the awarding of fees will likely be warranted."), aff'd 652 F.3d 1249 (10th Cir. 2011). Plaintiff's request for an award of attorneys' fees and costs will be granted.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Ms. Milasinovich's *Motion to Strike Notice of and Motion for Remand and Action for Abatement Verified and Judicial Notice* [Doc. 20] is **DENIED**;

**IT IS FURTHER ORDERED** that Ms. Milasinovich's *Notice of and Motion to Strike Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Motion for Remand and Reply to Defendant's Opposition to Plaintiff's Motion for Remand, Motion to Strike Defendant's Purported Action for Abatement and Judicial Notice, and Memorandum of Objection* [Doc. 34] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's *Notice of and Motion for Remand* [Doc. 16] is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **REMANDED** back to the First Judicial District, Santa Fe County, State of New Mexico.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs and expenses,

17

including attorneys' fees, is **GRANTED**. Plaintiff shall have until February 25, 2015 in which to file supporting documentation. Ms. Milasinovich shall have until March 10, 2015 to object to the amount of costs and expenses, including attorneys' fees, claimed by Plaintiff.

**SO ORDERED** this 17th day of February, 2015, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge